**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PROGRESSIVE NORTHERN INSURANCE COMPANY,**

    Plaintiff,

v.                                                  Case No.  8:06-cv-1252-T-30MSS

**THERM TECHNOLOGY CORPORATION,**
**MONACO COACH CORPORATION,**
**LAZY DAYS R.V. CENTER, INC.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Therm Technology Corporation's (**"Therm"**) Response to the Court's Order dated December 21, 2007 (Dkt. 76). On December 21, 2007, the Court entered an Order granting in part and denying in part Defendant Monaco Coach Corporation's (**"Monaco"**) Motion for Partial Summary Judgment, as joined in by Therm and Lazy Days R.V. Center, Inc. (**"Lazy Days"**). The December 21, 2007 Order, in part, denied Plaintiff's request for leave to add Progressive Express Insurance Company (**"Progressive Express"**) as a plaintiff to this action to the extent it seeks to assert tort claims against any of the defendants for damages to the subject 2001 Monaco Diplomat Motor Coach (**"Motor Coach"**). The Court provided the parties with fourteen (14) days to supplement the record regarding the existence of a warranty or disclaimer of warranties with respect to the heating unit manufactured by Therm. As

Progressive Northern has failed to timely respond to the Court's Order, the Court will rule on this matter without the benefit of its response.

This action arises from a fire allegedly caused by a defective heating unit manufactured by Therm. The fire occurred on or about February 2, 2004, in West Paducah, Kentucky. The heating unit was permanently installed in the Motor Coach, which was manufactured by Monaco and sold by Lazy Days to Tony and Leslie Davenport. The sale occurred in Seffner, Florida. The Davenports had the Motor Coach insured under a policy issued by Progressive Express. Progressive Northern Insurance Company (**"Progressive Northern"**), the plaintiff in this action, insured a number of other vehicles damaged by the fire. Due to error, Progressive Northern, rather than Progressive Express, alleged claims for damages the Motor Coach in its Complaint.

Therm argues that Progressive Northern's Complaint does not allege a cause of action for breach of warranty or breach of implied warranties. Because it was a component manufacturer, Therm argues it was not in privity of contract with either the Davenports or Progressive Express. Thus, Therm argues Progressive Express would be precluded from asserting a breach of warranty claim under Florida law.

Progressive Northern has not alleged the subject heating unit was covered by any warranty, express or implied. There is no evidence in the record to suggest that such a warranty existed, nor is there any evidence of privity of contract between Progressive

Express and Therm. Absent any allegation or evidence of a warranty, express or implied, Progressive Express would have no basis to assert a claim against Therm.[1]

It is therefore ORDERED AND ADJUDGED that Plaintiff's request for leave to add Progressive Express Insurance Company as a plaintiff to this action to assert any claims against the defendants is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 8, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-1252.add plaintiff.frm

---

[1] Progressive Northern has previously argued that Kentucky law, rather than Florida law, should apply to any claims against Monaco and Therm. Absent any allegation or evidence that a warranty existed, and absent any argument that Progressive Express desires to assert a breach of warranty claim against Therm, the Court need not address choice of law with respect to this issue.